UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO OBLIGACION,<br><br>            Plaintiff,<br><br>     v.<br><br>BRANER USA, INC., LOOPCO INDUSTRIES, INC., and DOES 1 through 100, inclusive,<br><br>            Defendants. | No. 2:14-cv-00822-KJM-AC<br><br><br><br>ORDER |

Braner USA, Inc. seeks leave to file a third-party complaint under Federal Rule of Civil Procedure 14(a). Mr. Obligacion does not oppose the motion, and the court took the matter under submission without argument. Braner's motion is granted.

I.    BACKGROUND

On April 2, 2014, Gerardo Obligacion filed a complaint against Braner, asserting this court's diversity jurisdiction. Compl. ¶ 1, ECF No. 1. Obligacion alleges he was seriously injured when his hand and arm were caught and pulled into the in-running rolls of a slitter machine designed and manufactured by Braner. *Id.* ¶ 8. He alleges claims in strict liability and negligence, and he seeks damages. *Id.* at 4-10. Braner answered the complaint on June 2, 2014. ECF No. 9. On November 11, 2014, Braner filed a motion seeking leave to implead the Feralloy

1

Corporation, which it says was Obligacion's employer at the time he was injured. Mot. Third Pty. Compl. 1-2, ECF No. 16; *see also* Proposed Third-Pty. Compl., Mot. Third Pty. Compl. 18-24, ECF No. 16. Braner alleges Feralloy was negligent and did not maintain the slitter machine safely or take adequate safety precautions to prevent injuries to its employees. *Id.* at 2. Obligacion filed a statement of non-opposition on December 5, 2014. ECF No. 21.

II.     DISCUSSION

Federal Rule of Civil Procedure 14(a)(1) allows a defendant to serve a summons and complaint on a non-party who may be liable to the defendant for all or part of the plaintiff's claims. The rule is meant to promote efficiency and should be construed liberally. *See Sw. Adm'rs., Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). The third-party claim must be derivative of the plaintiff's claim, not merely related. *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). In other words, impleader is appropriate when the "defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988) (internal quotation marks and citations omitted). If the defendant seeks to file a complaint under this rule, but more than fourteen days have passed after it filed its answer, it may do so only with the court's leave. Fed. R. Civ. P. 14(a)(1). The decision is then left to the district court's discretion. *Sw. Adm'rs.*, 791 F.2d at 777. When making this decision, district courts have considered prejudice to the other parties, whether impleader will unduly complicate the action, and whether the third-party claim lacks merit. *See* Charles A. Wright et al., 6 Fed. Prac. & Proc. Civ. § 1443 & nn.9-12 (3d ed.).

Here, Mr. Obligacion alleges he was injured by a slitter machine manufactured by Braner, and Braner alleges Mr. Obligacion's employer is liable because it did not properly prevent injuries to its employees. Braner has attached to its motion a Citation and Notification of Penalty from the State of California Division of Occupational Safety and Health. Mot. Ex. A, ECF No. 16. The complaint appears to refer to the same citation and notification. *See* Compl. ¶ 10. The citation and notification reports several citations against Feralloy that may suggest its liability. *See* Mot. Ex. A, at 5-7, ECF No. 16. Inclusion of Feralloy in this litigation will avoid

duplicate lawsuits; prejudice to any party appears unlikely; no evidence suggests an impleader would unnecessarily prolong or complicate the matter; and the proposed complaint is not clearly meritless.

III.     CONCLUSION

Braner's request for leave to file a third-party complaint against Feralloy is GRANTED. The proposed third-party complaint filed concurrently with its motion is deemed FILED. Braner shall serve a copy of this motion and the proposed third-party complaint on Feralloy in accordance with Federal Rule of Civil Procedure 4.

IT IS SO ORDERED.

DATED: February 6, 2015.

UNITED STATES DISTRICT JUDGE